IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                    No. 06-20223-B

MICHAEL HOOKS, JR.,

    Defendant.

_____

ORDER DENYING DEFENDANT'S MOTION TO DISMISS
COUNTS 1 & 2 OF THE INDICTMENT
_____

Before the Court is the motion of the Defendant, Michael Hooks, Jr., to dismiss counts 1 and 2 of the indictment for failure to allege all of the essential elements of the charges. The United States has responded, and this motion is ripe for disposition. For the following reasons, the motion is denied.

BACKGROUND

On June 20, 2006, a federal grand jury returned a four-count indictment against the Defendant. Count 2 of the indictment charges him with embezzling more than $5,000 in property owned by or under the control of the Shelby County Juvenile Court Clerk's Office, in violation of 18 U.S.C. § 666. (Indictment at 5.) Count 1 charges Hooks with conspiracy to violate 18 U.S.C. § 666, in violation of 18 U.S.C. § 371. (Id. at 1-4.) The Defendant argues that these counts should be dismissed because the indictment does not allege all of their essential elements. Specifically, the Defendant contends that "[s]ection 666 contains strict jurisdictional limitations imposed by Congress," granting federal courts jurisdiction only if the defrauded local

agency receives "'benefits in excess of $10,000' from a 'Federal program.'" (Def.'s Mot. to Dismiss at 1 (quoting 18 U.S.C. § 666(b).)  However, as the Defendant maintains, the indictment states not that the Shelby County Juvenile Court Clerk's Office received *benefits* in excess of $10,000 from a federal program, but that it "received federal *assistance* in excess of $10,000." (Indictment at 1 (emphasis added).)  Thus, Hooks insists that an essential jurisdictional element of the offense is not clearly or sufficiently alleged.  (Def.'s Mot. to Dismiss at 2.)

## ANALYSIS

18 U.S.C. § 666(a) provides in relevant part that whoever

> being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof . . . embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts . . . property . . . valued at $5,000 or more . . . owned by . . . such organization, government, or agency . . . shall be fined under this title, imprisoned not more than ten years, or both.

Under § 666(b), however, such agents cannot be charged with violating § 666(a), unless the "organization, government, or agency receives, in any one year period, *benefits in excess of $10,000 under a Federal program* involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance."  18 U.S.C. § 666(b) (emphasis added).

Criminal defendants "enjoy the right . . . to be informed of the nature and cause of the accusation" against them.  U.S. Const. amend. VI.  "[A]n indictment is only sufficient if it (1) contains the elements of the charged offense, (2) gives the defendant adequate notice of the charges, and (3) protects the defendant against double jeopardy."  Valentine v. Konteh, 395 F.3d 626, 631 (6th Cir. 2005); see also Hamling v. United States, 418 U.S. 87, 117 (1974).  Courts must use a "common sense construction in determining whether an indictment sufficiently informs a defendant of an offense."  Allen v. United States, 867 F.2d 969, 971 (6th Cir. 1989).

The Defendant argues that the indictment is legally insufficient because it does not state that the Juvenile Court Clerk's Office received *benefits* in excess of $10,000 under a federal

program. (Def.'s Mot. to Dismiss at 2.) According to Hooks, the term "benefits" is important because "not all money derived from a Federal source qualifies as 'benefits' under the statute." (Id. at 3.) In support of this contention, the Defendant cites two Eleventh Circuit opinions that recognized that organizations engaged in purely commercial transactions with the federal government are not covered by 18 U.S.C. § 666. See United States v. Fischer, 168 F.3d 1273, 1277-78 (11th Cir. 1999) (holding that a local hospital authority's receipt of Medicare funds qualified as receipt of "benefits" under a federal assistance program); United States v. Copeland, 143 F.3d 1439, 1441-42 (11th Cir. 1998) (holding that a defense contractor's relationship with the government did not come under the scope of § 666 because it was purely commercial).

The Sixth Circuit recently rejected an identical argument in an unpublished opinion. See United States v. Madison, 226 Fed Appx. 535, 542-43 (6th Cir. 2007). In Madison, the defendant argued that "the indictment was insufficient because instead of alleging that [the organization receiving federal funding] received *benefits* in excess of $10,000, the indictment alleged that [the organization] received *federal assistance* in that amount." Id. (emphasis in the original). Concluding that this was not a "colorable argument," the court found that the use of the term "assistance," as opposed to "benefits," was sufficient to set forth a violation § 666. Id. at 543. Even the Eleventh Circuit case relied upon by the Defendant does not use the term "benefits" in discussing 18 U.S.C. § 666(b), but states that "the statute clearly indicates that only those contractual relationships constituting some form of 'Federal assistance' fall within the scope of the statute." Copeland, 143 F.3d at 1441. In fact, the court in Copeland cites a Second Circuit opinion that held that "[§ 666] expressly equates 'benefits' with 'Federal assistance.'" Id. (citing United States v. Rooney, 986 F.2d 31, 34 (2d Cir. 1993)).

In light of these cases, it appears that the use of the term "benefits" is not a prerequisite in an indictment for it to sufficiently set forth a violation of 18 U.S.C. § 666. The Court thus finds that the wording in the indictment that the Juvenile Court Clerk's Office received "federal

assistance" in excess of $10,000 provided the Defendant with adequate notice of the charges against him.  See Madison, 226 Fed. Appx. at 543.  For the foregoing reasons, the Court DENIES the Defendant's motion to dismiss Counts 1 and 2 of the indictment.

    IT IS SO ORDERED this 31st day of August, 2007.

                                  s/ J. DANIEL BREEN
                                  UNITED STATES DISTRICT JUDGE