IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     No. 06-20223-B

MICHAEL HOOKS, JR.,

    Defendant.

_____

ORDER DENYING DEFENDANT'S MOTION TO DISMISS
COUNTS 3 & 4 OF THE INDICTMENT
_____

Before the Court is the motion of the Defendant, Michael Hooks, Jr., to dismiss counts 3 and 4 of the indictment on the basis that the alleged false invoice and false statement at issue in those counts were not material and therefore cannot sustain the charges. The United States has responded, and this motion is ripe for disposition. For the following reasons, the motion is denied.

BACKGROUND

On June 20, 2006, a federal grand jury returned a four-count indictment against the Defendant. Count 3 charges Hooks with making a false entry in "an invoice, with the intent to impede, obstruct, and influence the investigation or proper administration of a matter within the jurisdiction of the United States Department of Justice," in violation of 18 U.S.C. § 1519. (Indictment at 6.) According to the government, the Defendant prepared false invoices, which he submitted to the Juvenile Court Clerk's Office in Shelby County, Tennessee, for the purpose of receiving payment for work that he did not perform. (Id. at 3.) In Count 4, the Defendant is

charged with "knowingly and willingly making a false, fraudulent, and fictitious material statement and representation" to the FBI, in violation of 18 U.S.C. § 1001. (Id. at 7.) The government alleges that Hooks lied to FBI agents when he told them that he was not involved with the creation of false invoices submitted to the Juvenile Court Clerk's Office. (Id.) The Defendant argues that both counts must be dismissed because they "involve or relate to the same allegedly 'false invoice,'" which according to Hooks, was not material to the investigation. (Def.'s Mot. to Dismiss at 1.)

ANALYSIS

Count 4 of the indictment charges the Defendant with violating 18 U.S.C. § 1001. The Sixth Circuit has held that § 1001 is comprised of five elements, which must be established by the government:

> (1) the defendant made a statement; (2) the statement is false or fraudulent; (3) the statement is material; (4) the defendant made the statement knowingly and willfully; and (5) the statement pertained to an activity within the jurisdiction of a federal agency.

United States v. Steele, 933 F.2d 1313, 1318-19 (6th Cir. 1991) (citation omitted). A conviction under this provision requires that the statement at issue be "material" to the investigation. United States v. Gaudin, 515 U.S. 506, 509 (1995). A statement is material if "it has a natural tendency to influence, or be capable of affecting or influencing, a function entrusted to a governmental agency." Id. at 1319 (citations and internal quotation omitted). "It is not necessary to show that the statement actually influenced an agency, but only that it had the capacity to do so." Id. (citations omitted).

Hooks argues that Count 4 must be dismissed, because the "undisputed facts and circumstances of this case demonstrate that [the Defendant's statements] did not have the natural tendency to influence the FBI investigation and were not capable of affecting or influencing a

2

function entrusted to the FBI." (Def.'s Mot. to Dismiss at 2.) In Gaudin, however, the Supreme Court held that the question of whether a statement is "material" under 18 U.S.C. § 1001 is a mixed question of law and fact that the jury must decide. Gaudin, 515 U.S. at 512-23; see also United States v. Moss, 69 Fed. Appx. 724, 730 (6th Cir. 2003). The Court thus concludes that it would be inappropriate for it to determine whether the Defendant's statements were material, particularly at this stage in the proceedings.

Count 3 of the indictment charges Hooks with violating 18 U.S.C. § 1519, which provides that

> [w]hoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

As the government correctly notes, "materiality" is not an element of § 1519. The Court therefore finds that the Defendant's motion to dismiss Count 3 on the basis that any false invoices submitted to the Juvenile Court Clerk's Office were not material is without merit.

For the foregoing reasons, the Court DENIES the Defendant's motion to dismiss Counts 3 and 4 of the indictment.

IT IS SO ORDERED this 31st day of August, 2007.

s/ J. DANIEL BREEN  
UNITED STATES DISTRICT JUDGE